UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA LYNN QUALE,

    Plaintiff,

v.                                              Case No. 1:20-cv-258

COMMISSIONER OF SOCIAL             Hon. Ray Kent
SECURITY,

    Defendant,
_____/

**OPINION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

        Plaintiff filed an application for DIB and SSI on January 29, 2016, alleging a disability onset date of October 30, 2015. PageID.62. Plaintiff identified her disabling conditions as carpal tunnel both arms, back pain, neck pain, knee pain, anxiety, depression, deteriorating disc disease, arthritis, chronic pain, and numbness. PageID.345. Prior to applying for DIB and SSI, plaintiff completed the 9th grade and had past employment as a cook, restaurant cook, and conveyor off-bearer. PageID.78. The ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on March 13, 2019. PageID.62-80. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

### I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.    ALJ's DECISION

Plaintiff's claim failed at the fifth step. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 30, 2015, and that she met the insured status requirements of the Social Security Act through December 31, 2020. PageID.65. At the second step, the ALJ found that plaintiff has severe impairments of: degenerative disc disease of the lumbar and cervical spines; bilateral carpal tunnel syndrome; bilateral osteoarthritis of the thumbs; fibromyalgia; obesity; depressive disorder; anxiety disorder; and, pain disorder. *Id*. At the third step, the ALJ found that plaintiff does not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id*.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she may only occasionally climb ramps and stairs; and may never climb ladders, ropes, or scaffolds. Claimant may only occasionally balance, stoop, kneel, crouch, and crawl. Claimant may only frequently, as opposed to constantly, handle and finger bilaterally; and may only occasionally reach overhead with the bilateral upper extremities. Claimant is limited to receiving, comprehending, and executing simple, routine tasks. Claimant may have no more than occasional contact with the public, coworkers, and supervisors; and may have only occasional changes in work settings and duties.

PageID.68. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.78.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at the light exertional level. PageID.79-80. Specifically, the ALJ found that plaintiff could perform the requirements of unskilled light work in the national economy such as office helper (330,000 jobs), production inspector (135,000 jobs), and production assembler (70,000 jobs). PageID.79-80. Accordingly, the ALJ determined that plaintiff has not been under a

disability, as defined in the Social Security Act, from October 30, 2015 (the alleged onset date) through March 13, 2019 (the date of the decision). PageID.80.

### III. DISCUSSION

Plaintiff has raised two errors on appeal.

#### A. The ALJ failed to appropriately weigh the mental health opinion evidence, resulting in a residual functional capacity (RFC) assessment unsupported by substantial evidence.

Plaintiff contends that the ALJ failed to properly weigh the evidence of an examining psychologist, Mindy Pardoll, Psy. D.[1] Because plaintiff filed her claim before March 27, 2017, the "treating physician rule" applies to the ALJ's decision. *See* 20 C.F.R. §§ 404.1527 and 416.927. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

---

[1] The Court notes that plaintiff refers to Dr. Pardoll as "Dr. Pardol."

While the ALJ is required to give "good reasons" for the weight assigned a treating physician's opinion, *Wilson*, 378 F.3d at 545, this articulation requirement does not apply when an ALJ evaluates the report of a medical source who is not a treating, acceptable medical source, *Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007). Although this explanatory requirement does not apply to opinions from physicians who have examined but not treated a claimant, "the ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning." *Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (internal quotation marks omitted).

The ALJ addressed Dr. Pardoll's opinion as follows:

> In June 2016, Mindy Pardoll, Psy.D., provided a psychological consultative examination of the claimant. Dr. Pardoll opined that "[claimant's] current mental health symptoms would minimally impact her ability to perform simple repetitive tasks . . . [and] she might have difficulty socializing appropriately with other individuals in a working environment . . . it does not appear that she would be able to tolerate the stressors and pressures associated with a day to day work Activity" (Ex. 15F). Although Dr. Pardoll's opinion as to claimant's ability to perform simple repetitive tasks is consistent with the evidence of record, I nevertheless afford this opinion minimal weight overall in that it is largely unsupported by the medical evidence and the record as a whole, including claimant's history of treatment and medications, the overall mild to moderate mental status examination findings, and her reported activities of daily living. Moreover, Dr. Pardoll's opinion is internally inconsistent, and such inconsistencies suggest that she relied quite heavily on the claimant's subjective report of symptoms and limitations, and that she may have uncritically accepted as true most, if not all, of what the claimant reported. Yet, as explained above, there exist good reasons for questioning the consistency of the claimant's subjective complaints.

PageID.76. With respect to the consistency of plaintiff's complaints, the ALJ concluded that her statements, the objective studies, and the clinical examination findings do not fully corroborate her alleged symptoms and limitations. PageID.75. The ALJ noted that plaintiff's history of treatment suggests that her symptoms "may not have been as limiting as she has generally alleged in

6

connection with this application," and that her daily activities are not limited to the extent one would expect given her allegations of disabling symptoms. *Id*.

Plaintiff contends that the ALJ should have given weight to Dr. Pardoll's opinion with respect to plaintiff's ability to tolerate work stress and pressures. In this regard, Dr. Pardoll stated:

> The examinee seemed to have mental health symptoms and possible substance use issues that interfere with her social and occupational functioning. Ms. Quale had difficulty retaining information. Her attention span seemed inadequate. It appears that her current mental health symptoms would minimally impact her ability to perform simple repetitive tasks. It appears that she does not relate well to others. It seems that she might have difficulty socializing appropriately with other individuals in a working environment. It appears that she lacks distress tolerance skills as well as emotional regulation skills. It does not appear that she would be able to tolerate the stressors and pressures associated with day to day work activity. Her judgment seemed questionable and her insight seemed inadequate.

PageID.630-631.

Based on the record, the ALJ provided an adequate explanation to allow this Court to trace the path of his reasoning. *See Stacey*, 451 Fed. Appx. at 519. Dr. Pardoll's statement that "[i]t does not appear that [plaintiff] would be able to tolerate the stressors and pressures associated with day to day work activity" cannot be read in isolation. Dr. Pardoll also stated that "[i]t appears that [plaintiff's] current mental health symptoms would minimally impact her ability to perform simple repetitive tasks." Dr. Pardoll did not conclude that plaintiff's "stressors and pressures" were work preclusive. Such a conclusion would be inconsistent with the doctor's opinion that plaintiff's "current mental health symptoms. . . minimally impact" her ability to work. Furthermore, the ALJ's RFC accommodated plaintiff's limitations listed by Dr. Pardoll: plaintiff can only receive, comprehend, and execute simple, routine tasks; plaintiff "may have no more than occasional contact with the public, coworkers, and supervisors"; and plaintiff "may have only

7

occasional changes in work settings and duties." PageID.68. Accordingly, plaintiff's claim of error is denied.

### B. The ALJ failed to appropriately weigh the physical health opinion evidence, resulting in an RFC assessment unsupported by substantial evidence.

The gist of plaintiff's claim is that the ALJ "made his RFC assessment without meaningful guidance from a healthcare professional contrary to regulation." Plaintiff's Brief (ECF No. 17, PageID.898). Plaintiff contends that if she was limited to sedentary work – "congruent with PA Licon's opinion" – then she would be deemed disabled on her 50th birthday pursuant to Medical-Vocational Guideline § 201.10. *Id*. at PageID.899.

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of her medically determinable impairments. 20 C.F.R. §§ 404.1545 and 416.945. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). The ALJ determines the RFC "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(e) and 416.920(e). The responsibility of determining the RFC is reserved to the ALJ. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) ("Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to this subpart, your residual functional capacity, or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.") (internal citations omitted).

Plaintiff cites *Gross v. Commissioner of Social Security*, 247 F. Supp. 3d 824 (E.D. Mich. 2017) for the proposition that "the ALJ should be required to attain some guidance from a

8

healthcare professional prior to determining the RFC." *See* Plaintiff's Brief (ECF No. 17, PageID.899). In *Gross*, the court stated that "there is significant case law in this district confirming the general principle that the ALJ must generally obtain a medical expert opinion when formulating the RFC unless the medical evidence shows relatively little physical impairment such that the ALJ can permissibly render a commonsense judgment about functional capacity[.]" *Gross*, 247 F. Supp. 3d at 828 (internal quotation marks omitted).

The Court disagrees with the approach proposed by plaintiff. The final responsibility for deciding a claimant's RFC is reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). In *Rudd v. Commissioner of Social Security*, 531 Fed. Appx. 719 (6th Cir. 2013), the Sixth Circuit explained that an ALJ is not required to base an RFC finding on a physician's opinion:

> Next, Rudd contends that the ALJ's RFC is not supported by substantial evidence because no physician opined that Rudd was able to perform the standing and walking requirements of light work. As we have mentioned, the ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence. As the Commissioner points out, the Commissioner has final responsibility for deciding an individual's RFC, SSR 96–5p, 1996 WL 374183 (July 2, 1996), and to require the ALJ to base her RFC finding on a physician's opinion, "would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Id*. This argument is rejected.

*Rudd*, 531 Fed. Appx. at 728. Here, the ALJ determined plaintiff's RFC based upon a review of the relevant medical evidence and other evidence in the administrative record. Accordingly, plaintiff's claim of error is denied.

### IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**. A judgment consistent with this opinion will be issued forthwith.

Dated: September 16, 2021                     /s/ Ray Kent
                                                                                            United States Magistrate Judge